UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 24-cv-22926-KMW

DEBRA BENSON,

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD., d/b/a NORWEGIAN
CRUISE LINES, a Bermuda Corporation,

    *Defendant*.

_____/

## **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant NCL (Bahamas) Ltd. ("NCL"), by and through undersigned counsel, moves to dismiss the Amended Complaint.

### **Introduction and Factual Background**

This is a maritime personal injury action in which Plaintiff alleges she suffered injuries when she "slipped on very wet steps." [ECF No. 18, ¶ 8]. Plaintiff's one-count Amended Complaint warrants dismissal for two reasons: first, because it commingles multiple theories into one count and is therefore a shotgun pleading; and second, because it fails to sufficiently allege how NCL was on notice of the allegedly dangerous condition that caused her incident, and therefore it fails to state a claim upon which relief can be granted.

### **Memorandum of Law**

**I.    Legal Standard**

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to

dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2000). The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Although detailed factual allegations are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id*. at 1949. A complaint's factual allegations must be enough to raise a right to belief above speculative level. *Id*.; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations and unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). When a plaintiff "[has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *see also Kyricopoulous v. Rollins*, 1996 U.S. App. LEXIS 15262 at *4 (1st Cir. 1996) ("Rule 12(b)(6) is specifically designed to streamline litigation and do away with 'needless discovery.'").

### II. General Maritime Law Applies

"An action involving personal injuries sustained aboard a ship while at sea is a case in admiralty." *Gandhi v. Carnival Corp.*, 2014 U.S. Dist. LEXIS 33395 (S.D. Fla. Mar. 14, 2014). Plaintiff alleges her incident occurred while a fare-paying passenger onboard the *Norwegian Encore*. [ECF No. 1, ¶ 6].

### III. Plaintiff's Amended Complaint is a Shotgun Pleading

In 2015, the Eleventh Circuit Court of Appeals identified the four most common types of shotgun pleadings in the case of *Weiland v. Palm Beach Ctny. Sheriff's Office*, 792 F.3d 1313,

1322 (11th Cir. 2015). In paragraph 18 of Plaintiff's one-count Complaint, she alleges that NCL "failed to identify the dangerous wet surface described above, notify its passengers and/or guests, and timely remove said condition…" [ECF No. 18, ¶ 18]. Plaintiff is therefore attempting to proceed on, at least, claims for failure to inspect/maintain and failure to warn, and therefore her Amended Complaint is the second and/or third type of shotgun pleadings identified in *Weiland* – "a complaint that…is guilty of the venial sin of being replete with conclusory, vague and immaterial facts not obviously connected to any particular cause of action…" and/or "one that commits the sin of not separating into a different count each cause of action or claim for relief." *Id.*

The Eleventh Circuit has advised against allowing such shotgun pleadings to proceed because "unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Anderson v. Dist. Bd. Of Trs. Of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366-67 (11th Cir. 1996); *see also Bartes v. Sch. Bd. Of Alachua Cnty.*, 2005 U.S. App. LEXIS 23386 (11th Cir. 2005) ("We have condemned these "shot gun" pleadings on numerous occasions because they make it 'virtually impossible to know which allegations of fact are intended to support which claim(s) for relief' and 'impede the orderly, efficient, and economic disposition of disputes.'"); *Vibe Micro, Inc. v. Shabanets*, 2018 WL 268849, *2 (11th Cir. Jan. 3, 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings" because "[t]hey waste scarce judicial resources, inexorably broaden[ ] the scope of discovery, wreak havoc on appellate court dockets, and undermine[ ] the public's respect for the courts.").

Plaintiff's one-count Amended Complaint is a shotgun pleading and warrants dismissal.

### IV. Plaintiff's Amended Complaint Fails to Sufficiently Allege Notice

To state a claim for maritime negligence, a plaintiff must allege facts showing 1) the defendant had a duty to protect plaintiff from an injury; 2) the defendant breached that duty; 3) the breach proximately caused the plaintiff's injury; 4) the plaintiff suffered harm as a result. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012). The duty owed by a ship owner to its passengers is a duty of reasonable care under the circumstances of each case. *See Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1321 (11th Cir. 1989) (quoting *Kermarec v. Compagnie*, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959)). This standard requires that Plaintiff prove that NCL had actual or constructive notice of the dangerous condition that caused Plaintiff's injury. *See Pizzino v. NCL (Bahamas) Ltd.*, 709 Fed. Appx. 563, 565 (11th Cir. 2017); *see also Keefe*, 867 F.2d at 1322 ("as a prerequisite to imposing liability . . . the carrier [must] have had actual or constructive notice of the risk-creating condition.").

Courts in this District have routinely dismissed maritime negligence claims where plaintiffs failed to allege sufficient facts showing that the cruise line had notice of the allegedly dangerous condition. *See e.g., Cisneros v. Carnival Corp.*, 2020 U.S. Dist. LEXIS 11120 (S.D. Fla. Jan. 23, 2020) (King, J.); *Sperzel v. NCL (Bahamas) Ltd.*, 2020 U.S. Dist. LEXIS 6954 (S.D. Fla. Jan. 13, 2020) (Ungaro, J.). The Eleventh Circuit has also affirmed dismissal of cruise-ship passenger claims where the passengers failed to allege sufficient facts that the cruise lines were on notice of the allegedly dangerous conditions.

In *Newbauer v. Carnival Corp.,* the Eleventh Circuit affirmed a district court's granting of a cruise-ship operator's motion to dismiss that found that *Newbauer* failed to provide any factual allegations to support her claim that *Carnival Corp.* had actual or constructive notice of the hazard which allegedly caused her injury. 2021 U.S. Dist. LEXIS 34240 (S.D. Fla. Feb. 24, 2021) (Scola,

J.), aff'd 26 F.4th 931 (11th Cir. 2022). In *Newbauer,* the plaintiff cruise-passenger alleged she was injured when she slipped and fell on a wet, slippery transitory substance on the cruise-ship's Lido deck, and filed suit against the cruise-ship operator alleging that it negligently failed to maintain the area and/or warn her of the condition. In dismissing *Newbauer's* claims, the district court found that "[n]one of the Plaintiff's allegations suggest Carnival was on constructive notice, let alone actual notice, of the hazard complained of because the Plaintiff's complaint fails to satisfy applicable federal pleading standards under Federal Rule 8 and the *Iqbal/Twombly* standard." 2021 U.S. Dist. LEXIS 34240 at *4. In affirming the district court's decision, the Eleventh Circuit similarly concluded that the passenger "failed to include any factual allegations that were sufficient to satisfy the pleading standard set forth in *Iqbal* and *Twombly* such that it is facially plausible that Carnival had actual or constructive notice of the dangerous condition." *Newbauer*, 26 F.4th at 935.

In *Holland v. Carnival Corp.*, 50 F.4th 1088 (11th Cir. Oct. 4, 2022), the Eleventh Circuit again reaffirmed the principle that, "to survive [a] motion to dismiss" the plaintiff must "plead sufficient facts to support each element of his claim, including that [the defendant] had actual or constructive notice about the dangerous condition." *Id.* at 1095. In *Holland,* the plaintiff cruise-passenger filed suit against the cruise-ship operator alleging that he was injured when he slipped and fell while descending a glass staircase in a highly trafficked area of the ship. *Holland* alleged facts that made it possible that the cruise-line had notice of the allegedly dangerous condition, but he failed to provide factual allegations that plausibly suggested the cruise-line had notice, actual or constructive, of the dangerous condition. "Simply put, Holland's allegations do not cross the line from possibility to plausibility of entitlement to relief." *Id.* at 1096, citing *Iqbal,* 556 U.S. at 678.

Plaintiff's Amended Complaint does not allege any **facts** to show that NCL had notice, actual or constructive, of the **specific condition upon which she slipped**. Instead, Plaintiff's Amended Complaint talks generally about the vessel's Aqua Park (located on one of the decks connected to the stairs where Plaintiff alleges to have fallen) and alleges that NCL knew or should have known about the dangerous condition that caused her to fall because of how long the vessel has been in service (almost four years). Plaintiff makes the general allegation that "[t]he condition of wet guests walking up and down the subject stairs continuously existed for the almost four (4) years between that debut of the Ship and Plaintiff's accident; and during that entire time, NCL staff were positioned such that this dangerous condition could be easily observed and remedied. Industry and NCL safety protocols mandated that NCL staff vigilantly watch over the areas and vicinity in and around the pool by way of constant surveillance – this would have and should have included observing guests utilizing the subject stairs." [ECF No. 18, ¶ 15]. Plaintiff alleges no **facts** that the area was actually wet when she fell, that its wetness was even from wet guests coming from the nearby Aqua Park, or that any NCL crewmember(s) was nearby and/or had knowledge of the wetness that caused her to fall. Instead, Plaintiff appears to be alleging that NCL knew of the wetness that caused her to fall because the area where she fell has been wet since the *Norwegian Encore* went into service approximately four (4) years before her incident.

This cannot, and should not, be enough to survive dismissal, even at this stage. Plaintiff must allege that NCL knew or should have known about the actual condition upon which she slipped, and allege facts to support her claim, not some generalized theory that the area is likely to get wet. As this Court has previously stated, "[a] plaintiff must allege facts to support his allegations of constructive notice and cannot rely on mere generalities or conclusory assertions." *See Arouza-Pai v. Carnival Corp.*, 2022 U.S. Dist. LEXIS 226795 at * 9 (S.D. Fla.

Dec. 16, 2022) (citing *Holland,* 50 F.4th at 1095). If Plaintiff's approach was to be accepted, then any cruise ship passenger can generally allege constructive notice simply because they fell in an area that may get wet. Surely more should be required.

Plaintiff also alleges that before and after her fall, "she and members of her party observed kids, teenagers, and various other patrons of the Ship traipsing [sic], in wet bathing suits, up and down the subject stairs as they were alternating between utilizing the pools/hot tubs and other Deck 16 amenities, and the subject slides accessed from Deck 17…" and that "before and after the incident, Plaintiff and members of her party noticed pool attendants and lifeguards working within proximity and eyesight of the subject stairs, and certainly in a position to observe the flood of wet guests using the subject stairs (and the wet condition of the subject stairs)." [ECF No. 18, ¶ 11 - 12] Plaintiff's general allegations that her and her travel party saw wetness at times and that crewmembers work in the area lack specificity and are insufficient to allege that NCL had notice of the condition upon which she slipped. A similar argument was rejected by the Eleventh Circuit in *Holland.*

> In sum, Holland alleged that the hazard occurred on a highly trafficked staircase that was potentially visible to many crewmembers and was subject to the regulation of safety agencies.
>
> But while Holland alleges facts that establish the *possibility* that Carnival had constructive notice of the hazardous substance on the staircase as to invite corrective measures, a claim only has facial *plausibility* when the plaintiff's allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Holland,* 50 F.4th 1095-1096 (emphasis in original) (internal quotation and citation omitted).

Although Plaintiff's allegations make it **possible** that NCL had notice of the condition upon which she alleges to have slipped, she has not provided any factual allegations that **plausibly** suggest NCL had notice, actual or constructive, of the dangerous condition she claims caused her

fall. Since Plaintiff has failed to plead factual allegations to support how NCL had actual or constructive notice of the condition upon which she allegedly slipped, her Amended Complaint must be dismissed. *See Nichols v. Carnival Corp.*, 423 F. Supp. 3d 1316, 1323 (S.D. Fla. Sep. 17, 2019) (plaintiff's negligence claim dismissed because it "failed to articulate what facts gave Carnival actual or constructive notice about any dangerous condition") (citing *Aronson v. Celebrity Cruises, Inc.*, 30 F. Supp. 3d 1379, 1392-93 (S.D. Fla. 2014) and *Polanco v. Carnival Corp.*, No. 10-21716-CIV, 2010 U.S. Dist. LEXIS 150857, 2010 WL 11575228, at *3 (S.D. Fla. Aug. 11, 2010)).

## Conclusion

For the foregoing reasons and based on the above cited authorities, NCL respectfully submits that this Honorable Court should enter an Order Dismissing the Amended Complaint.

WHEREFORE the Defendant, NCL (Bahamas) Ltd., respectfully requests this Court enter an Order dismissing Plaintiff's Amended Complaint, in addition to all further relief deemed just and proper.

Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, FL  33126
Telephone:     (305) 436-4653

By: */s/ Todd Sussman*
    **Todd Sussman, Esq.**
    Florida Bar No. 0084729
    tsussman@nclcorp.com

*Case No.: 24-cv-22926-KMW*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of October, 2024, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By:  */s/ Todd Sussman*<br>
**Todd Sussman, Esq.**

## **SERVICE LIST**

*Debra Benson vs. NCL (Bahamas) Ltd.*<br>
Case No.: 24-cv-22926-KMW<br>
United States District Court for the Southern District of Florida

| | |
|---|---|
| Todd Sussman, Esq. | James P. Gitkin, Esq. |
| NORWEGIAN CRUISE LINE | SALPETER GITKIN, LLP |
| 7665 Corporate Center Drive | 3864 Sheridan St. |
| Miami, FL  33126 | Hollywood, FL 33021 |
| Telephone:     (305) 436-4653 | Tel: (954) 467-8622 |
| Facsimile:      (305) 468-2132 | Fax: (954) 467-8623 |
| tsussman@nclcorp.com | jim@salpetergitkin.com |
| jjara@nclcorp.com | shelley@salpetergitkin.com |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |